**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DONNA MCCLUNG**, Individually and as **Representative of the Estate of EDWARD MCCLUNG, deceased** <br> 5279 Creekside Blvd., Unit X51 <br> Brunswick, OH  44212 <br><br> Plaintiffs <br><br> v. <br><br> **BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC** <br> 200 4th Avenue S. <br> Nashville, TN 37201 | CASE NO.: 2:20-cv-105 <br><br> JUDGE: <br><br><br> **COMPLAINT WITH JURY DEMAND** |

Plaintiff, Donna McClung, individually and as Representative of the Estate of Edward McClung, by and through her counsel, hereby bring this action against Defendant Bridgestone Americas Tire Operations, LLC ("Defendant" or "Bridgestone"), a Delaware Corporation, alleges and states as follows:

## I.     INTRODUCTION

1. This is an action brought by Donna McClung, individually and as Representative of the Estate of Edward McClung (hereinafter, collectively "Plaintiff") for the death of her son, Edward McClung. The case arises out of a defective tire (the "Subject Tire) that caused the death of Edward McClung when the tread on the tire separated, causing the truck driven by Edward McClung to roll-over. The sudden, unexpected, and catastrophic tire failure caused the Truck to lose control, resulting in fatal injuries to Edward McClung

2. Plaintiff sets forth the following causes of action against the supplier of the Subject Tire, Bridgestone: (1) Strict Product Liability; (2) Supplier Liability; (3) Negligence; and (4) Gross

Negligence. Plaintiff seeks both compensatory and punitive damages as a result of Bridgestone's wrongful conduct.

## II. PARTIES

3. At all times relevant herein, Donna McClung was a resident of Brunswick, Ohio. Her son, Edward McClung, deceased, was also a resident of Brunswick, Ohio at the time of his death.

4. Defendant Bridgestone Americas Tire Operations, LLC is a Delaware corporation with its corporate office at 200 4th Avenue S., Nashville, TN 37201. Bridgestone distributes its products, namely tires, throughout the United States. Bridgestone maintains a registered agent at United Agent Group Inc., 119 E. Court Street, Cincinnati, Ohio 45202.

5. Bridgestone was involved extensively in the product's promotion, distribution, supply and sale throughout Ohio and specifically the design, manufacture, and supply of the Subject Tire that caused the death of Edward McClung.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction founded on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds, exclusive of interest and cots, the sum specified by 28 U.S.C. § 1332.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## IV. FACTS

8. On or about August 11, 2018, Edward McClung was traveling Southbound on U.S. 33 in Fairfield County, Ohio. Edward McClung was operating a 2001 Freightliner Century Class 12 tractor and trailer (the "Truck"). The Truck was owned by Edward McClung's employer,

Hook-N-Haul, LLC ("Hook-N-Haul").

9. While Edward McClung was driving, the tire tread on the outside left tire on the first axle separated from the casing and/or body of the tire, causing the Truck to rollover. The sudden, unexpected, and catastrophic tire failure caused the Truck to lose control, resulting in fatal injuries to Edward McClung.

10. The Subject Tire was identified as a Bridgestone R268 bearing DOT number H03R 2G3T 3B1 3116. The subject tire was designed, manufactured, and distributed by Bridgestone. Hook-N-Haul placed the Subject Tire on the Truck and maintained the Tuck.

11. The violent "blow out" caused the Truck to lose control and crash into the median. Mr. McClung survived the crash and ended up in the ditch near U.S. 33. He complained of pain throughout his body. After several hours of agonizing pain, Edward McClung died.

12. Defendant's manufacture, design, and/or distribution of the Subject Tire was the proximate cause of the crash and Plaintiffs' injuries and damages.

13. Defendant represented that the Subject Tire was safe and that a "unique tread design and protective features in the casing help resist damage from curbing and maneuvering scrub, contributing to long tread life."[1] Additionally, Bridgestone represented that the Subject Tire had an innovative design, which provided "improved rib tearing resistance," enhanced "casing durability," a design that combats the initiation and spread of "irregular wear," and added stiffness, which helps to reduce "irregular wear throughout the footprint."[2]

14. Defendant's representations were demonstrably false in that Defendant knew or should have known that the Subject Tire was unsafe and defective in that the tread was defectively

---

[1] https://commercial.bridgestone.com/en-us/product/bridgestone/truck-and-bus/r268-ecopia
[2] https://commercial.bridgestone.com/content/dam/bcs-sites/bridgestone-ex/products/bridgestone/TBR/R268Ecopia/BS%20R268%20PRODUCT%20SHEET.pdf

fused and/or bonded and/or adhered to the steel tire casing and/or the Subject Tire was designed and manufactured with inadequate internal materials, and by selling the Subject Tire in such a condition, demonstrated willful, wanton, and reckless disregard for human life.

15. Plaintiff seeks all damages against Defendant to which she is entitled under common and statutory law including compensatory damages against Defendant as a result of the occurrence in question in an amount to be awarded at trial, and punitive damages in amount to be awarded at trial.

## V. CLAIMS ALLEGED

### FIRST CAUSE OF ACTION
Strict Product Liability

16. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 15 and makes such allegations a part hereof by reference.

17. At all times relevant to this action, Bridgestone was the designer, manufacturer, distributor, and/or supplier of the Subject Tire, as defined in Ohio Revised Code § 2307.71 *et seq.*, which designed, produced, created, made, constructed, distributed, sold, and/or assembled the Subject Tire that was placed into the stream of commerce.

18. The Subject Tire was expected to and did reach the ultimate user, including Edward McClung, without substantial change in the condition it was sold.

19. The Subject Tire manufactured, designed, sold, distributed, supplied, promoted and/or placed into the stream of commerce by Bridgestone was defective in its:

  a. Manufacture and construction pursuant to the provisions of Ohio Revised Code § 2307.74 in that when it left Defendant's control, it deviated in a material way from the design specifications or performance standards of Defendant manufacturers and/ or from otherwise identical units manufactured to the same design specifications or performance standards; and/or

  b. Design pursuant to the provisions of Ohio Revised Code § 2307.75 in that

4

when it left the control of defendant, the foreseeable risks associated with its design or formulation exceeded the benefits associated with that design or formulation; and/or

c. Inadequate warning or instruction pursuant to the provisions of Ohio Revised Code § 2307.76 in that at the time it left the control of Defendant or at a relevant time thereafter, Defendant knew or in the exercise of reasonable care, should have known about the risks associated with the Subject Tire when used in the manner in which it was being used by Edward McClung on August 11, 2018, and Defendant failed to provide the warning or instruction that manufacturers exercising reasonable care would have provided in light of the likelihood that the Subject Tire would cause harm of the type sustained by Plaintiff; and/or

d. Failure to conform, when the Subject Tire left the control of the Defendant to its representations, pursuant to the provisions of Ohio Revised Code § 2307.77 in that it did not conform, when it left the control of Defendant, to representations made by Defendant.

20. Specifically, Defendants' failures include, but are not limited to:

a. Bridgestone's failure to exercise reasonable care in the manufacture, design, and testing of the Subject Tire;

b. Bridgestone's failure to include adequate warnings that would alert the users of the Subject Tire, including Edward McClung, of the substantially increased risk of the Subject Tire;

c. Bridgestone's failure to adequately and properly test and inspect the Subject Tire before placing the Subject Tire on the market and distributing them into the stream of commerce;

d. Bridgestone's failure to conduct sufficient testing and inspection of the Subject Tire which, if properly performed, would have shown that the Subject Tire had serious increased risks of serious and catastrophic injury;

e. Bridgestone's failure to adequately warn the users of the Subject Tire, including Edward McClung, of the potential risks and other serious dangers associated with the Subject Tire;

f. Bridgestone's failure to provide adequate post-marketing warnings or instructions after Defendant knew or should have known of the significant risks associated with the use of the Subject Tire;

g. Bridgestone's failure to timely and appropriately recall and/or remove the

5

      Subject Tire from the stream of commerce when it knew or should have known of the defective and unreasonably dangerous nature of the Subject Tire; and,

  h. Bridgestone's encouragement of misuse while failing to disclose the dangers of the Subject Tire to users, including Edward McClung, in order to maximize profit from sales.

21. The Subject Tire was unsafe for its normal or reasonably anticipated use.

22. Edward McClung was using the Subject Tire in the manner for which it was intended and/or in a reasonably foreseeable manner.

23. Edward McClung could not, through the exercise of reasonable care, have discovered the defects or perceived the dangers posed by the Subject Tire.

24. As a direct and proximate result of this defective product, Edward McClung suffered pain and emotional distress. He later died as a result of this defective product.

25. As a further direct and proximate result of Bridgestone's conduct, as described above, Plaintiff incurred medical and other related expenses, such as funeral expenses.

26. As a further direct and proximate result of Bridgestone's conduct, as described above, Plaintiff has experienced, and will continue to experience, great physical pain, suffering and emotional distress.

27. As a further direct and proximate result of Bridgestone's conduct, as described above, Plaintiff has suffered, and continues to suffer, a loss of enjoyment of life.

28. To the extent that another state's substantive law is potentially applicable to this matter, plaintiff specifically alleges that Bridgestone is liable under that state's laws.

**WHEREFORE**, Plaintiff Donna McClung, individually and as Representative of the Estate of Edward McClung demands judgment against Defendant for an award of compensatory damages in an amount in excess of $5,000,000, exclusive of interest and costs, an award of punitive

damages in an amount in excess of $5,000,000, prejudgment and post judgment interest, delay damages and costs, reasonable attorneys' fees, and any such other and further relief that the Court deems reasonable and just.

## SECOND CAUSE OF ACTION
Supplier Liability

29. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 15 and makes such allegations a part hereof by reference.

30. The Subject Tire was supplied for use on the Truck by Bridgestone.

31. Bridgestone, at all relevant times herein, was in the business of selling, distributing, leasing, preparing, packaging, labeling, placing in the stream of commerce, installing, repairing, or maintaining the Subject Tire and was a supplier as defined by R.C. § 2307.71.

32. The Subject Tire was defective pursuant to Ohio Revised Code § 2307.78 in that it did not conform, when it left the control of Bridgestone, to representations made by Bridgestone.

33. As a direct and proximate result of the above-described conduct of Bridgestone, Edward McClung died and Plaintiff sustained the above injuries.

**WHEREFORE**, Plaintiff Donna McClung, individually and as Representative of the Estate of Edward McClung demands judgment against Bridgestone for an award of compensatory damages in an amount in excess of $5,000,000, exclusive of interest and costs, an award of punitive damages in an amount in excess of $5,000,000, prejudgment and post judgment interest, delay damages and costs, reasonable attorneys' fees, and such other and further relief that the Court deems reasonable and just.

## THIRD CAUSE OF ACTION
Negligence

34. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1

7

through 15 and makes such allegations a part hereof by reference.

35. Bridgestone owed a duty to Plaintiff to design and manufacture the Subject Tire so that it would not injure Edward McClung in the normal course of the use of the product.

36. Defendant Bridgestone was negligent and/or grossly negligent and/or reckless in the design, manufacturing, sale, and distribution of the subject tire. Bridgestone breached the duty of care it owed to the public, including Plaintiff. Bridgestone's actions and inactions in regard to the Subject Tire constitute negligence. Such negligence was the proximate cause of the Plaintiff's damages and Edward McClung's death.

37. Further, Defendant Bridgestone was aware of and knew of certain defects associated with the Subject Tire. These defects were known by Defendant Bridgestone before the accident in question, or before or at the time the tire was provided to Edward McClung, and therefore the risk of injury was known or should have been known by Defendant.

38. Additionally, the occurrence described above and the resulting injuries to Plaintiff was proximately caused by the negligence and/or gross negligence of Defendant, its agents, servants and/or employees, in one or more of the following, non-exclusive ways:

    a. In failing to warn Plaintiff of the dangerous condition of the Subject Tire;

    b. In failing to establish the proper bond to prevent the tread separation;

    c. In failing to take reasonable precautions for Plaintiff's safety;

    d. In failing to do what a reasonable and prudent manufacturer of a tire would have done under the same or similar circumstances;

    e. In failing to properly design the Subject Tire;

    f. In failing to properly manufacture the Subject Tire;

    g. In failing to properly test the Subject Tire;

    h. In failing to warn that operating the Subject Tire can cause the tire to detread; and

      i.    In additional ways as will be revealed during discovery.

39. As a direct and proximate cause of the Defendants' negligence, carelessness and recklessness, Edward McClung died and his mother, Donna McClung, incurred the damages described at length in this Complaint.

40. Bridgestone knew and/or should have known that the Subject Tire was unsafe and defective, and by selling the Subject Tire in such a condition, demonstrated willful, wanton, and reckless disregard for human life, entitling plaintiff to an award of punitive damages.

41. At all times relevant hereto, Bridgestone acted, or failed to act, by and through its agents, employees, officers, principals, and vice-principals, acting within the course and scope of their respective employment, agency, or other relationship.

**WHEREFORE**, Plaintiff Donna McClung, individually and as representative of the Estate of Edward McClung, demands judgment against Defendant for an award of compensatory damages in an amount in excess of $5,000,000, exclusive of interest and costs, an award of punitive damages in an amount in excess of $5,000,000, prejudgment and post judgment interest, delay damages and costs, reasonable attorneys' fees, and any such other and further relief that the Court deems reasonable and just.

### FOURTH CAUSE OF ACTION
Gross Negligence

42. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 15 and makes such allegations a part hereof by reference.

43. The actions of Bridgestone, when viewed objectively from the standpoint of Bridgestone at the time the Subject Tire was designed, manufactured, marketed, and sold, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

9

44. Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscience indifference to the rights, safety, or welfare of others.

45. The acts or omissions of Defendant was, singularly or severally, a proximate and/or producing cause of the occurrence in question, Edward McClung's death, and Plaintiff's injuries and damages as described at length in this Complaint.

**WHEREFORE**, Plaintiff Donna McClung, individually and as representative of the Estate of Edward McClung demands judgment against Defendant for an award of compensatory damages in an amount in excess of $5,000,000, exclusive of interest and costs, an award of punitive damages in an amount in excess of $5,000,000, prejudgment and post judgment interest, delay damages and costs, reasonable attorneys' fees, and any such other and further relief that the Court deems reasonable and just.

## V. JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Respectfully submitted,

*/s/ Justin J. Hawal*
**Kenneth P. Abbarno (0059791)**
**Justin J. Hawal (0092294)**
DICELLO LEVITT GUTZLER LLC
7556 Mentor Avenue
Mentor, Ohio 44060
P: 440-953-8888
F: 440-953-9138
E: kabbarno@dicellolevitt.com
   jhawal@dicellolevitt.com
*Attorneys for Plaintiffs*